CLD-151                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3842
_____

DARIN JONES,
Appellant

v.

COUNTY JAIL C.F.C.F.; SUPERINTENDENT OF C.F.C.F.;
MEDICAL SUPERVISOR 11pm-7am 2/18/13;
CORRECTIONAL OFFICERS on A-1-1 Unit 11pm-7am 2/18/13
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-02366)
District Judge: Honorable Joel M. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 2, 2015

Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: April 30, 2015)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Darin Jones, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Jones claimed a violation of his Eighth Amendment right, pursuant to 42 U.S.C. § 1983, and common law negligence against various officers and a medical supervisor at Curran-Frumhold Correctional Facility ("CFCF") in Philadelphia, stemming from injuries he sustained falling from the top bunk of his cell. According to the complaint, Jones's cell did not have a ladder or step so that he could safely climb to the top bunk. As a result thereof, while trying to climb down from his bunk, Jones fell, hitting his head and knocking himself unconscious. Jones was evaluated by the medical staff and administered pain killers and an ice pack. Thereafter, Jones was discharged and escorted back to his cell. The next day, Jones was transferred from CFCF to the State Correctional Institute in Graterford, Pennsylvania ("SCI-Graterford").[1] There, Jones again received a medical exam, after which his wrist was x-rayed and he was again prescribed pain medication. Jones alleged that "he continues to suffer from constant headaches and extreme and sometimes sever[e] pain in his left wrist," which did not exist prior to his fall. The District Court dismissed Jones's complaint because it failed to allege facts evidencing a constitutional violation. Jones now appeals the dismissal of his complaint.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of the federal claims. Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000) (citations omitted). We must "accept as true

2

the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Jones's complaint does not state a claim because he fails to allege facts sufficient to establish a constitutional deprivation.

To plead an Eighth Amendment claim based on conditions-of-confinement, Jones must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities," and that officials at CFCF were "deliberately indifferent" to Jones's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Whitley v. Albers, 475 U.S. 312, 319 (1983) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.") Similarly, to plead an Eighth Amendment claim based on insufficient medical care, Jones must demonstrate that the defendants were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also White v. Napolean, 897 F.2d 103, 108 (3d Cir. 1990) (quoting Estelle, 429 U.S. at 103) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation."). Eighth Amendment liability cannot be based on simple negligence or lack of due care. Farmer, 511 U.S. at 835-37;

---

[1] Jones does not name SCI-Graterford or any official at the institution in his complaint.

see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"). Here, the allegations contained in the complaint, taken as true, fail to establish that the defendants were deliberately indifferent to the conditions of Jones's cell or to his health, after his fall. On the contrary, Jones alleged that he received immediate medical attention after the fall and was given both medication and an ice pack to treat his injuries.[2] Moreover, Jones did not allege that he ever complained of or let officials at CFCF know that he was having difficulty climbing to and from the top bunk. At its most generous reading, Jones's complaint alleged mere negligence, and not deliberate indifference, in CFCF's failure to provide a step-ladder and in its treatment of Jones's injuries following the fall. And negligence is insufficient to sustain an Eighth Amendment claim. Accordingly, the District Court properly dismissed Jones's Eighth Amendment claim.

While the District Court gives no explicit explanation for its dismissal of Jones's common law negligence claim, we interpret the dismissal as the District Court's declination to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). As we conclude that the District Court properly dismissed the federal claims, we perceive no abuse of discretion in the District

---

[2] Jones allegations relating to his treatment at SCI-Graterford are not relevant to his complaint, as Jones does not name either SCI-Graterford or any official at SCI-Graterford as a party to this complaint.

4

Court's refusal to exercise supplemental jurisdiction on the state negligence claim.  See

28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir.

1999).  Finally, District Courts are required to grant leave to amend complaints unless

such amendment would be futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108

(3d Cir. 2002).  For the reasons set forth above, any amendment would have been futile.

For the forgoing reasons, we conclude that the appeal presents no substantial

question.  We will summarily affirm the judgment of the District Court, and deny as moot

Jones's motion for appointment of counsel.